USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 96-1573 ZENAPHON R. DEMERIS d/b/a AKI'S GULF, Plaintiff - Appellee, v. CUMBERLAND FARMS, INC., Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin, Circuit Judge, _____________ and Lisi,* District Judge. ______________ _____________________ Paul D. Sanson, with whom Glenn M. Cunningham, Shipman & _______________ ____________________ _________ Goodwin and Mark G. Howard were on brief for appellant. _______ ______________ Steven E. Kramer, with whom Stanley A. Brooks and Wellesley ________________ _________________ _________ Law Associates were on brief for appellee. ______________ ____________________ October 10, 1996 ____________________  ____________________ * Of the District of Rhode Island, sitting by designation. Per Curiam. This is an appeal by Cumberland Farms, Per Curiam ___________ Inc. ("Cumberland") from a preliminary injunction granted to Zenaphon R. Demeris, d/b/a Aki's Gulf ("Demeris") pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. 2801, et seq. ________ (the "Act"). Demeris was a franchisee of Cumberland motor fuel products and rented one of its gasoline stations. A dispute arose regarding the respective rights of Demeris and Cumberland when the latter attempted to terminate the franchise agreement. Demeris sought and was granted a preliminary injunction to prevent Cumberland from effectuating the termination. By its own terms, the preliminary injunction dissolved as of August 1, 1996, a date which coincided with the termination period of the franchise agreement. Cumberland's main claim is that the District Court abused its discretion and committed errors of law when it granted the preliminary injunction to Demeris, due to Cumberland's clear legal right to terminate Demeris's franchise under 15 U.S.C.  2802. However, after reviewing the briefs filed by the parties after oral arguments, which indicated the present status of the franchise agreement and briefed the issue of mootness, we conclude that Comberland's claim is moot. It is undisputed that as of August 1, 1996, Demeris had vacated the premises in question. Furthermore, it is Demeris' stated position that "the franchise ceased operations on August 1 [consistent with] the terms of the injunction and [pursuant to] -2- the parties' April 4 [settlement/franchise] agreement." It also appears that Demeris has "decided not to contest [Cumberland's rejection of the franchise assignment proposed by Demeris] and has so informed [Cumberland]." It is well settled that a case is moot "when the issues presented are no longer 'live'." United States Parole Comm'n v. ___________________________ Geraghty, 445 U.S. 388, 395 (1980). The requirement that an ________ actual case and controversy exist at the time a federal court renders its decision is a jurisdictional mandate of Article III of the Constitution, one that precludes the issuance of advisory or academic opinions. U.S. Const. art. III, 2 et seq.; U.S. _______ ____ National Bank of Oregon v. Independent Ins. Agents of America, ________________________ ____________________________________ Inc., 508 U.S. 439, 446 (1993). Although some limited exceptions ____ exist to a literal enforcement of this rule, see, e.g., Newspaper ___ ____ _________ Guild of Salem, Local 105 v. Ottaway Newspapers, Inc., 79 F.3d __________________________ _________________________ 1273, 1277 (1st Cir. 1996) (quoting Weinstein v. Bradford, 423 _______ _________ ________ U.S. 147, 149 (1975)) the instant case does not fit any of the narrow confines of these exceptions, Cumberland's arguments to the contrary notwithstanding. The preliminary injunction has expired, and Demeris has accepted Cumberland's rejection of his proposed assignee: simply put, the issues raised before us no longer exist. See generally Wright, Miller & Cooper, 13A Federal _____________ _______ Practice & Procedure 3533.2, at 231 (2d ed. 1984 & Supp. 1996). ____________________ If there are other issues pending between the parties, they are not properly before us on this appeal. In conclusion, because the preliminary injunction is no -3- longer in effect and the assignment of rights under the franchise agreement has been specifically waived by the only party who can claim them, we conclude that the issues raised by this appeal have been mooted. Dismissal of the appeal is therefore warranted. So ordered. No costs. __________ ________ -4-